UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Bobbie Scales,                                         Case No. 3:25-cv-681

            Plaintiff

      v.                                               MEMORANDUM OPINION
                                                          AND ORDER

Judge Tygh M. Tone,

            Defendant

      *Pro se* plaintiff Bobbie Scales filed this civil rights action under 42 U.S.C. § 1983 against Erie

County Court of Common Pleas Judge Tygh M. Tone.  (Doc. No. 4).  Plaintiff also filed a motion

for temporary restraining order and motion for preliminary injunction.  (Doc. No. 3).

      Additionally, Plaintiff filed an application to proceed *in forma pauperis*.  (Doc. No. 2).  I grant

the application.  But for the following reasons, I dismiss the action.

## I.    BACKGROUND

      Plaintiff's complaint concerns four cases filed in the Erie County, Ohio Court of Common

Pleas, (Nos. 2023 CV 0446, 2024 CV 0368, 2025 CV 0015, and 2025 CV 0017), in which Plaintiff is

a party.  Plaintiff appears to object to decisions rendered by Defendant Judge Tone in all four

proceedings.

      Specifically, Plaintiff objects to Judge Tone's denial of her motions for findings of fact and

conclusions of law, motion for leave, motion to strike, motion for production of documents and

things, motion for injunction and declaratory judgment, motion to compel, and motion for

reconsideration in Case No. 2023 CV 0446.  And Plaintiff objects to Judge Tone's summary

judgment granted against her in that case.  Plaintiff also claims that Judge Tone permitted untimely

responses, demonstrated "judicial favoritism," and improperly conducted a "blanket denial" of her motions in Case No. 2024 CV 0368. (*See* Doc. No. 4 at 5, 6). Additionally, Plaintiff claims that Judge Tone engaged in a pattern of judicial misconduct in Case No. 2025 CV 0015 by repeatedly denying her motions without a hearing yet providing the opposing party with extensions and accommodations. Finally, Plaintiff claims that Judge Tone erred by denying her application to proceed *in forma pauperis*, improperly denied all of her motions, failed to enter a default judgment in her favor, lacked jurisdiction to restrict Plaintiff from filing additional motions following her appeal of a summary judgment order entered against her, and "failed to act on the improper removal" of Case No. 2025 CV 0017. (*Id.* at 13).

Plaintiff alleges that Judge Tone's purported improper decisions in all four cases constituted a violation of her due process rights and deprived her of access to the courts. She seeks declaratory, compensatory, and injunctive relief.

## II. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). I am expressly required, however, under 28 U.S.C. § 1915(e)(2), to screen all *in forma pauperis* actions and to dismiss before service any such action that fails to state a claim upon which relief may be granted or that lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

To survive scrutiny under 28 U.S.C. § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See*

*Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Twombly* governs dismissals under § 1915(e)(2)(B)).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 677-78.  The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true[.]"  *Twombly*, 550 U.S. at 555 (citations omitted).  The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*

When reviewing a complaint, I must construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197).

### III.   ANALYSIS

#### A.   JUDICIAL IMMUNITY

As an initial matter, Plaintiff cannot maintain a Section 1983 action against Judge Tone. Judges are absolutely immune from civil suits.  *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants.  *Barnes*, 105 F.3d at 1115.  For this reason, absolute immunity is overcome only when: (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides.  *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116.  A judge will be not deprived of immunity even if the action at issue

was performed in error, done maliciously, or was in excess of his or her authority.  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Here, neither exception to immunity applies.  Judge Tone was acting as a judge when he rendered his decisions and issued his judgments in Case Nos. 2023 CV 0446, 2024 CV 0368, 2025 CV 0015, and 2025 CV 0017.  Further, decisions concerning pending motions, jurisdictional challenges, and pretrial and trial proceedings are all actions typically performed by judicial officers in state court matters.  Judge Tone is therefore absolutely immune from this suit.

## B.    THE ROOKER-FELDMAN DOCTRINE

Even if Plaintiff could maintain a civil rights action against Judge Tone, to the extent Plaintiff is asking this Court to vacate the state court judgments against her and enter judgment in her favor, the *Rooker-Feldman* doctrine bars this Court's consideration of her claims.

Under the *Rooker-Feldman* doctrine, a party losing his or her case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights.  *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012).  Federal appellate review of state court judgments can only occur in the United States Supreme Court.  *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983*); Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

The *Rooker-Feldman* doctrine applies where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment.  *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009).  To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint."  *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299.  If the source of the plaintiff's injury is the state court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim.  *McCormick*, 451 F.3d at 393.  "If there is some other source of injury, such as a third party's actions, then the plaintiff

asserts an independent claim." *Id.*; *see Lawrence v. Welch*, 531 F.3d 364, 368-69 (6th Cir. 2008).  In

conducting this inquiry, the Court also considers the plaintiff's requested relief.  *Evans v. Cordray*, 424

F. App'x 537, 539-40 (6th Cir. 2011).

Here, the decisions rendered by Judge Tone are the source of Plaintiff's purported injury.

Plaintiff claims that Judge Tone erred in arriving at multiple determinations throughout the state

court proceedings.  Pursuant to *Rooker-Feldman*, this Court lacks jurisdiction to vacate judgments of

the state courts.

## C.    THE YOUNGER ABSTENTION

To the extent the state court cases of which Plaintiff complains are still pending, the Court

must abstain from hearing challenges to these state court proceedings.  *See Younger v. Harris*, 401 U.S.

37, 44-45 (1971).

When an individual is the subject of an ongoing state action involving important state

matters, he or she cannot interfere with the pending state action by maintaining a parallel federal

action involving claims that could have been raised in the state case.  *Watts v. Burkhart*, 854 F.2d 839,

844-48 (6th Cir. 1988).  If the state defendant files such a case, the *Younger* abstention requires the

federal court to defer to the state proceeding.  *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15

(1987).

Based on these principles, abstention is appropriate where: (1) the state proceedings are

ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings

afford the plaintiff with an adequate opportunity to raise federal questions.  *Leveye v. Metro. Pub. Def.

Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45).  Abstention is

mandated where federal court intervention "unduly interferes with the legitimate activities of the

state." *Younger*, 401 U.S. at 44.

Regarding the third requirement of *Younger*, the relevant inquiry is whether the state

proceedings afford an adequate opportunity to raise the federal claims.  *Moore v. Sims*, 442 U.S. 415,

430 (1979). The plaintiff bears the burden of demonstrating that state procedural law bars presentation of his claims.  *Pennzoil Co.*, 481 U.S. at 14.  When a plaintiff has not attempted to present his or her federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary."  *Pennzoil Co.*, 481 U.S. at 15; *see also Szarell v. Summit Cnty. Ct. of Common Pleas*, No. 5:18 CV 2975, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of the *Younger* abstention was satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

Here, to the extent the Erie County Court of Common Pleas cases are still pending, all three factors supporting abstention are present.  The issues presented in the complaint are the subject of a state court civil matter, which are of paramount state interest.  And there is no suggestion in the complaint that any purported claim in this federal lawsuit is barred in the state action.  This Court must therefore abstain from exercising jurisdiction over Plaintiff's claims as they relate to any pending matters in the Erie County Court of Common Pleas.

## IV.  CONCLUSION

For the foregoing reasons, I grant Plaintiff's application to proceed *in forma pauperis*, (Doc. No. 2), deny Plaintiff's motion for temporary restraining order and motion for preliminary injunction, (Doc. No. 3), and dismiss this action pursuant to 28 U.S.C. § 1915(e).  Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


So Ordered.

s/ Jeffrey J. Helmick
United States District Judge